UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLE FLORANCE PREVOST
CESAIRE,

    Plaintiff,

v.                                      Case No:    2:19-cv-284-FtM-29NPM

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendant.

---

**REPORT AND RECOMMENDATION**

This matter comes before the Court on *pro se* Plaintiff Carole Florance Prevost Cesaire's Affidavit of Indigency (Doc. 15), construed as a Motion to Proceed *In Forma Pauperis*, filed on June 25, 2019. The Court previously reviewed Plaintiff's Complaint (Doc. 1) and Application of Indigency (Doc. 2). However, because Plaintiff failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, the Court required Plaintiff to file an Amended Complaint. (Doc. 6 at 1-2). Plaintiff filed an Amended Complaint (Doc. 9) and a second Affidavit of Indigency (Doc. 10) on May 16, 2019. Upon review, the Court again decided Plaintiff's Complaint suffered insufficiencies and allowed Plaintiff one final opportunity to amend her Complaint. (Doc. 13 at 3). Plaintiff was forewarned that if her Second Amended Complaint failed "to state a cognizable claim, the Court will recommend the case be dismissed without prejudice." (*Id.*). Plaintiff subsequently filed her Second Amended Complaint (Doc. 14) and the instant Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*. (Doc. 15).

The Second Amended Complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a cognizable claim.  Thus, the Undersigned respectfully recommends that the Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, be denied and this case be dismissed pursuant to 28 U.S.C. § 1915.

In its prior Order, the Court explained that, while Plaintiff set forth some facts, "[her] amended complaint does not set forth a short and plain statement of the grounds for the court's jurisdiction nor a short and plain statement of the claim showing that the pleader is entitled to relief in violation of Fed. R. Civ. P. 8(a)."  (Doc. 13 at 3).  The Second Amended Complaint (Doc. 14) suffers from the same deficiencies.  The entirety of Plaintiff's Second Amended Complaint reads as follows:

1) Carole Florance Provost Cesaire
   3230 Royal Palm Drive
   Fort Myers, FL. 33901
   Plaintiff
2) Department of Children and Families
   2295 Victoria Ave
   Fort Myers, FL. 33901
   Defendant
3) Subject-Matter jurisdiction
4) The caseworker denied my right to food assistance.
5) No public assistance access.
6) Restricting me to access to work.
7) No freedom.
8) No access to get care.
9) No access to go to school.
10) Restriction to get services also in the private.
11) Restricting me to make transation (sic).
12) Restricting me to buy and rent something.
13) Stalking me.
14) Restricting me to get insurance.
15) No access to social services.
16) Work concerns.
    - Damage
    - Demand a jury trial.

(Doc. 14 at 3-4).

As stated in the Court's prior Order, when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915. (Doc. 6 at 1, Doc. 13 at 1). Section 1915 *requires* the Court to dismiss the case: (i) if the action is frivolous or malicious; (ii) if it fails to state a claim on which relief may be granted; or (iii) if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Rule 8(a), a pleading must contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). This rule "ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests." *Reilly v. Florida*, No. 2:15-CV-14-FTM-38DNF, 2015 WL 3765236, at *2 (M.D. Fla. Jan. 16, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007)). A plaintiff's obligation to provide the "grounds" of her "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Plaintiff has failed to show how the allegations in the Second Amended Complaint amount to a cognizable claim in federal court. *See Twombly*, 550 U.S. at 561-63. Specifically, Plaintiff fails to provide a factual basis demonstrating that she is entitled to the relief requested. Liberally construed in her favor, it remains impossible to decipher what Plaintiff's claims are or might be.

The Undersigned finds that Plaintiff has failed to comply with Rule 8 by not providing a short and plain statement of her claim showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a).   In addition, the Undersigned finds that Plaintiff does not provide a short and plain statement of the grounds for this court's jurisdiction*.   Id.*

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1) The Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis* (Doc. 15) be **DENIED**.

2) This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully recommended in Chambers in Ft. Myers, Florida on July 19, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties